IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RADHIKA SHRESTHA, *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> UNITED STATES CITIZENSHIP & § <br> IMMIGRATION SERVICES, *et al.*, § <br> § <br> Defendants. § | Civil Action No. 3:22-CV-108-N |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendants United States Citizenship and Immigration Services ("USCIS"), Alejandro Mayorkas, Ur M. Jaddou, and Wilhelm Bierman's motion to dismiss Plaintiffs' amended complaint [20]. Because the Court lacks jurisdiction, the Court dismisses the claims related to the Form I-130 revocation and the Form I-485 denial. The Court dismisses the due process and equal protection claims because Plaintiffs have not asserted a legally sufficient claim.

### I. ORIGINS OF THE MOTION

This case arises out of a dispute surrounding the revocation of a Form I-130 application ("I-130") and the denial of a Form I-485 application ("I-485").[1] Plaintiffs Abin Shrestha and Radhika Shrestha are married and reside in Irving, Texas. Am. Compl. ¶ 2.

---

[1] U.S. Citizens or lawful permanent residents may file a Form I-130 petition to establish the relationship between the applicant and an eligible relative who wishes to immigrate to the United States and receive a permanent resident card. Upon approval of the Form I-130, the alien relative may apply to become a lawful permanent resident using the Form I-485.

ORDER – PAGE 1

Radhika, a citizen of the United States, filed an I-130 petition on behalf of Abin in February 2019, and USCIS approved the petition in October 2019. *Id*. at ¶ 2. Abin subsequently filed an I-485 petition in November 2019. *Id*. at ¶ 1.

After waiting for over a year, the Shresthas brought a mandamus action to compel Defendants to adjudicate the pending I-485 in January 2022. Defendants responded by reopening the I-130 and revoking its prior approval in April 2022. *Id*. USCIS further denied the I-485 due to the revocation of the underlying I-130. *Id*. The Shresthas appealed the decision to the Board of Immigration Appeals ("BIA"). *Id*. at ¶ 24. The Shresthas amended their complaint in this case to seek judicial review of the I-130 and I-485 adjudications as well as to advance due process and equal protection claims.

## II. LEGAL STANDARDS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12

### *A. Rule 12(b)(1) Legal Standard*

A Rule 12(b)(1) movant may challenge subject matter jurisdiction through either a facial attack, which challenges the sufficiency of the pleadings, or a factual attack, which provides evidentiary materials in addition to the motion. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). In determining whether subject matter jurisdiction exists, courts may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Plaintiffs bear the burden of proof in the Rule 12(b)(1) context, but a court should grant the motion "only if it appears certain that the plaintiff cannot prove a set of facts in support of his claim that would entitle

plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (internal citation omitted).[2]

### B. Rule 12(b)(6) Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "When reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (internal quotation marks omitted). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must

---

[2] Although the Supreme Court has abrogated this standard in the Rule 12(b)(6) context, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), courts still use this verbiage in the Rule 12(b)(1) context. *See, e.g.*, *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 966 F.3d 346, 348 (5th Cir. 2020).

be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

### III. THE COURT GRANTS THE MOTION TO DISMISS

The Court grants the Defendants' motion to dismiss because the Court lacks subject matter jurisdiction to review the adjudication of the I-130 revocation and I-485 denial, and Plaintiffs have not sufficiently stated a due process or equal protection claim.

#### *A. The Court Dismisses the Shresthas' Claims Related to the Adjudication of I-130 and I-485*

Courts lack subject matter jurisdiction to review any nonfinal agency action. *Am. Airlines, Inc. v. Herman*, 176 F.3d 283, 287 (5th Cir. 1999); 5 U.S.C. § 704. "Section 704 imposes both finality and exhaustion requirements on the agency action appealed." *Hinojosa v. Horn*, 896 F.3d 305, 310 (5th Cir. 2018). An agency action only becomes final when it represents the "consummation of the agency's decisionmaking process." *Bennett v. Spear*, 520 U.S. 154, 178 (1997).

The I-130 revocation has not become a final agency action. Although USCIS reopened and denied the I-130, the Shresthas have already appealed that decision to the BIA. BIA resides in the Department of Justice as an administrative agency with the power to review decisions made by USCIS. *See generally*, 8 C.F.R. § 1003.1. The BIA has the authority to affirm or vacate the revocation of the I-130. *See* 8 C.F.R. § 1003.1(b)(5). Until the BIA has rendered a decision, there is no "final" agency action. Because the BIA has

not concluded its review of the I-130 revocation, this Court lacks subject matter jurisdiction.[3]

This Court also cannot review the decision to deny the I-485. Although Abin does not have a direct appeal available, he may renew his request for adjustment of status in removal proceedings. 8 C.F.R. § 245.2(a)(5)(ii). The Shresthas have not exhausted their administrative remedies related to the adjustment of status claim until USCIS initiates removal proceedings and they have sought review by the BIA. *Cardozo v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000). Because the denial of the I-485 can be contested in removal proceedings, this Court lacks subject matter jurisdiction.[4]

### B. The Court Dismisses the Shresthas' Due Process and Equal Protection Claims

The Shresthas lack the necessary protected liberty or property interest to advance their due process claim. Precedent in this circuit forecloses the use of discretionary relief from removal, visa applications, or liberty interests in adjustment of status to support a due process violation. *See e.g.*, *Nyika v. Holder*, 571 F. App'x 351, 352 (5th Cir. 2014) (unpub.) ("Because [the plaintiff] had no liberty interest in adjustment of status, there can be no due process violation."); *Mireles–Valdez v. Ashcroft*, 349 F.3d 213, 219 (5th Cir.

---

[3] The Shresthas argue that the Court should adjudicate these claims despite their pending appeal with the BIA because of the retaliatory nature of the revocation and gamesmanship by the Defendants. But Section 704's finality requirement is mandatory; even if the allegations of retaliatory motive are taken as true, the Court cannot adjudicate these claims. *See* 5 U.S.C. § 704

[4] Because the lack of final agency action strips this Court of subject matter jurisdiction as to both claims, the Court does not address the parties' arguments as to whether the denials can be reviewed due to the nondiscretionary nature of the statutes underlying USCIS' decision.

2003) (holding that eligibility for discretionary relief from a removal order is not a liberty or property interest warranting due process protection); *Siddhantam v. Sessions*, 2018 WL 4053366, at *5 (N.D. Tex. 2018) (citing *Kerry v. Din*, 576 U.S. 86, 91-96 (2015)) (holding that the plaintiff was precluded from bringing a due process claim premised on the denial of a Form I-130 petition).

The Shresthas have not specified the basis for their equal protection claim in their complaint. The complaint does not identify "two or more classifications of similarly situated persons" who were treated differently. !*Gallegos–Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012); *see also Stefanoff v. Hays Cty.*, 154 F.3d 523, 525-26 (5th Cir. 1998). In fact, the complaint does not even provide a "formulaic recitation of the elements," let alone the required factual allegations to support their claim. *Twombly*, 550 U.S. at 555. As such, the Shresthas fail to state an equal protection claim.

## CONCLUSION

Because the Court lacks subject matter jurisdiction, the Court dismisses the Shresthas' claims related to the I-130 and I-485 adjudications. Because the Shresthas have not sufficiently stated a claim, the Court dismisses the due process and equal protection claims.

Signed October 26, 2022.

David C. Godbey
Chief United States District Judge

ORDER – PAGE 6